UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOWARD STEELE, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA COURT OF APPEALS *et al.*, <br><br> Defendants. | CAUSE NO. 3:20-CV-465-DRL-MGG |

OPINION & ORDER

Howard Steele, a prisoner without a lawyer, filed this lawsuit under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. The court remains ever mindful that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Steele sues the Indiana Court of Appeals and an appellate judge who denied a motion for relief from judgment he filed in 2018. In effect, he believes that his 1980 conviction is void due to the sentencing judge's lack of authority. The Indiana Court of Appeals rejected that argument. Here, Mr. Steele claims that the Indiana Court of Appeals erred under Indiana law in denying his motion. Among other relief, he seeks a "declaratory judgment" that his 1980 conviction is void.

To the extent Mr. Steele is attempting to obtain release from custody, he cannot do so in this action, and instead his sole remedy lies in habeas corpus, subject to the restraints of the Anti-Terrorism and Effective Death Penalty Act. 28 U.S.C. § 2254; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or

duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983). Nor has he asserted a viable claim against any defendant. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). There is nothing in the complaint to indicate that the judge acted in the absence of all jurisdiction, and she cannot be sued for denying Mr. Steele's motion filed in his criminal case. If the court's order was erroneous as Mr. Steele argues, his remedy would be through state appellate process, not a federal civil rights suit. He also sues the Indiana Court of Appeals, but this is not a suable entity under Indiana law, and thus cannot be sued for constitutional violations. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Though it is usually appropriate to allow the plaintiff an opportunity to cure defective pleadings, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), such action is unnecessary when amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. The court finds no basis to conclude that, if given another opportunity, Mr. Steele could allege a viable claim for relief against either defendant, consistent with the allegations he has made.[1]

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim. The clerk is DIRECTED to close the case.

SO ORDERED.

June 18, 2020                                                          *s/ Damon R. Leichty*
                                                                        Judge, United States District Court

---

[1] Mr. Steele is currently serving a sentence that was enhanced because of the 1980 conviction. Indeed, court records reflect that he already pursued federal habeas relief related to the 1980 conviction, and his petition was denied as untimely. *See Steele v. Warden*, No. 3:19-CV-1020-RLM-MGG (N.D. Ind. order dated May 26, 2020). He would be barred from filing a second petition challenging this conviction without express authority from the U.S. Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2244(b)(3).

2